**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 9 2008

JAMES W. McCORMACK, CLERK
By:
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

KARA BARNETT AND JAMIE BALL                                    PLAINTIFFS

VS.                                                NO. **2 ' 0 8 - C V - 0 85** J

DEAN DAVIDSON, INDIVIDUALLY; SHELBY "TRIPP"
CLARK, JR., INDIVIDUALLY; CATHY RIGGINS,
INDIVIDUALLY; CHRIS FOLTZ, INDIVIDUALLY;
AND TERRY SABLOTNEY, INDIVIDUALLY                               DEFENDANTS

This case assigned to District Judge _____
COMPLAINT    and to Magistrate Judge _____

Come the Plaintiffs, Kara Barnett (hereinafter referred to either as "Plaintiff" or "Barnett")

and Jamie Ball (hereinafter referred to either as "Plaintiff" or "Ball"), by and through their attorneys,

Louis Etoch Law Firm, pursuant to 42 U.S.C. §1983, the Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution, the Arkansas Civil Rights Act of 1983 (hereinafter

referred to "ACRA") and Art. 2, §8 and 15 of the Constitution of the State of Arkansas, and for their

Complaint against the Defendants, state:

INTRODUCTION

1.    This is an action brought pursuant to 42 U.S.C. §1983, ACRA and for the State tort

claims of false imprisonment, malicious prosecution, abuse of process, slander/defamation, and the

tort of outrage.   The Plaintiffs seek redress against the Defendants who are all law enforcement

officers of the State of Arkansas, Cross County, or the City of Wynne, individually, for acts and

omissions they committed in their official capacity as law enforcement officers, while conspiring with each other, which actions resulted in the Plaintiffs being unlawfully detained, harassed, stripped and searched, and which resulted in Kara Barnett being charged for a crime which she did not commit. All of these actions occurred on or about the 5th day of March 2007 in the City of Wynne, Cross County, Arkansas. Said acts and omissions constituted a deprivation of Plaintiffs' substantive and procedural due process of rights to life, liberty and also which constituted an unlawful and unreasonable arrest, search and seizure under the applicable provisions of the United States and Arkansas State Constitutions, said provisions to include, but not necessarily be limited to, the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Art. 2, §8 and §15 of the Arkansas Constitution and for the State tort claims of false imprisonment, malicious prosecution, abuse of arrest, slander/defamation, and tort of outrage.

JURISDICTION AND VENUE

2. Jamie Ball is a citizen and resident of Wynne, Cross County, Arkansas.

3. Kara Barnett is a citizen and resident of Wynne, Cross County, Arkansas.

4. Dean Davidson (hereinafter referred to as either "Defendant" or "Davidson") is a citizen and resident of Cross County, Arkansas, who at all times relevant hereto worked for the City of Wynne, Arkansas Police Department as a law enforcement officer. At all times referred to herein, Davidson was a sworn and commissioned law enforcement officer in the State of Arkansas who was employed by the City of Wynne Police Department and who was acting under color of law.

5. Shelby "Tripp" Clark, Jr., (hereinafter referred to as either "Defendant" or "Clark") is a citizen and resident of Cross County, Arkansas, who at all times relevant hereto worked for the City of Wynne, Arkansas Police Department as a law enforcement officer. At all times referred to herein,

2

Clark was a sworn and commissioned law enforcement officer in the State of Arkansas who was employed by the City of Wynne Police Department and who was acting under color of law.

6. Cathy Riggins (hereinafter referred to as either "Defendant" or "Riggins") is a citizen and resident of Cross County, Arkansas, who at all times relevant hereto worked for the City of Wynne, Arkansas Police Department as a law enforcement officer. At all times referred to herein, Riggins was a sworn and commissioned law enforcement officer in the State of Arkansas who was employed by the City of Wynne Police Department and who was acting under color of law.

7. Chris Foltz (hereinafter referred to as either "Defendant" or "Foltz") is a citizen and resident of Cross County, Arkansas, who at all times relevant hereto worked for the Cross County, Arkansas Sheriff's Department as a law enforcement officer. At all times referred to herein, Foltz was a sworn and commissioned law enforcement officer in the State of Arkansas who was employed by the Cross County, Arkansas Sheriff's Department and who was acting under color of law.

8. Terry Sablotney (hereinafter referred to as either "Defendant" or "Sablotney") is a citizen and resident of Cross County, Arkansas, who at all times relevant hereto worked for the Cross County, Arkansas Sheriff's Department as a law enforcement officer. At all times referred to herein, Sablotney was a sworn and commissioned law enforcement officer in the State of Arkansas who was employed by the Cross County, Arkansas Sheriff's Department and who was acting under color of law.

9. The acts complained of herein occurred on or around March 5, 2007 during which time the Plaintiffs while traveling on the roads in Cross County, Arkansas, were improperly stopped, detained, subjected to strip search and Barnett was arrested and charged with the crimes of driving while intoxicated–drugs, in violation of A.C.A. §5-65-103, refusal to submit to test, A.C.A. §5-65-

3

205 and driving left of center, A.C.A. §27-51-301. The common law tort claims occurred at and around the same time. The acts complained of occurred in and around Wynne, Cross County, Arkansas.

10. Jurisdiction and venue are proper in this court. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983 et seq., and the ACRA to redress the violations of Plaintiffs' constitutional rights as guaranteed by the applicable provisions of the United States Constitution and Arkansas Constitution.

FACTS

11. In the early morning hours of March 5, 2007, Barnett was traveling South on Highway 1 where she was stopped by Foltz for speeding.

12 Foltz, without probable cause and or no apparent reason, searched Barnett's vehicle and purse. Foltz did not charge Barnett with any violation, but instead, simply gave her a written warning for speeding. Foltz radioed Davidson regarding the stop.

13. A short time later, again, in the early morning hours on March 5, 2007, while Barnett was driving into Wynne, Arkansas, for no apparent reason, and without probable cause, Barnett was stopped by Clark. Within moments of this traffic stop, all five Defendants showed up at Barnett's vehicle.

14. Portions of what occurred during the stop were recorded by police video. Portions of the radio communications between the officers and the dispatch are recorded on CD. Attached hereto, incorporated herein by reference and marked Exhibits "A", "B", and "C" are a Traffic Citation Report, which although is not dated, appears to represent Clark's report of this stop; a

4

Record of Arrest of the City of Wynne for Kara L. Barnett charging her with driving while intoxicated/drugs, refusal to submit to test, and driving left of center, showing the officers involved in the arrest as Shelby "Tripp" Clark, Cathy Riggins and Dean Davidson; and a copy of the Arkansas Uniform Law Enforcement Citation numbered 038520, respectively.

15. Each of the separate Defendants are law enforcement officers in Cross County, Arkansas. They work together professionally and are friends. Each individually and in concert with each other, conspired with each other and in fact, carried out facts in furtherance of their conspiracy to, with the malicious purpose, violate the constitutional, statutory and common law rights of the Plaintiffs. All of the actions listed herein were taken pursuant to the conspiracy between the five Defendants, or at the urging, direction or supervision of them.

16. The Defendants herein conspired to, and did in fact, set up and arrange for the public stop, unlawful detention and unlawful strip search of the female Plaintiffs. Further, these Defendants herein conspired to and did in fact, arrest and improperly charge Kara Barnett for driving while intoxicated/drugs, refusal to submit to test and driving left of center, knowing there was no basis in either law or fact to convict Barnett. Barnett was held in custody on these charges until she was able to post a $1,400 bond.   Attached hereto, incorporated herein by reference and marked Exhibit "D" is the docket sheet from the Cross County District Court confirming that on April 16, 2007 Barnett was found not guilty of all charges placed against her. Barnett has therefore, obtained a successful result on the charges for which she was arrested, detained, strip searched and charged.

17. The Defendants herein, either knew or reasonably should have known that Barnett was not guilty of the charges placed against her for which she was arrested, detained, strip searched and charged.

18.  Plaintiffs were detained in public view on a public street by multiple officers with multiple police cars with flashing lights drawing attention to the situation for an unreasonably long period of time.   During this period of time, the Defendants can be heard discussing among themselves on the video and on the audio tapes their intentions to continue this unlawful stop and detention until they can strip search Plaintiffs.  On the tape the officers ask to search Barnett's vehicle again. Barnett refuses their request. After her refusal the officer can be heard discussing that if she wants to  play hardball, the officers will play hardball.  After the unreasonably long public detention, the Defendants transported Ball, Michael Spath and Jonathan Phillips to the Wynne Police Department in three separate law enforcement vehicles.

19.  Barnett was subsequently charged with DWI/drugs, was directed to and did in fact, drive her van to the Wynne Police Department.

20.  Before she could be released without ever being charged, the Defendants pursuant to their conspiracy and in an effort to embarrass, humiliate and degrade Ball, for no legitimate reason and without probable or just cause, required Ball to submit to a humiliating, invasive and degrading strip search by Riggins.

21.  There was simply no reason whatsoever, for Ball to be strip searched.  Ball was never charged with any crime. Ball committed no crime.  However, pursuant to the conspiracy, Riggins forced Ball to strip naked one piece of clothing at a time, until she was totally nude, then Riggins ordered Ball to bend over and grab her toes.   Then Riggins ordered Ball to cough.  Each time Ball would cough, in an apparent effort to humiliate Ball even further, Riggins would state you are not coughing hard enough and made Ball cough multiple times.   Thus, dragging out this humiliating process even longer than it should have been required.

6

22. Nothing was discovered during the strip search of Ball.

23. Before she could be released, the Defendants pursuant to their conspiracy and in an effort to embarrass, humiliate and degrade Barnett, for no legitimate reason and without probable or just cause, required Barnett to submit to a humiliating, invasive and degrading strip search by jail matron. The defendants knew or reasonably should have known that Barnett would make bond immediately, and therefore, not need to be strip searched or put in a holding cell. The charges against Barnett were so minor that no strip search was justified or warranted. The defendants, however, ordered and directed the matron at the jail to conduct the strip search.

24. Nothing was discovered during the strip search of Barnett.

25. The actions described above of the Defendants, either one or all, were pursuant to a conspiracy, and were calculated and effectuated in an attempt to purposely and publicly embarrass, humiliate and damage Plaintiffs.

COUNT I.
CONSPIRACY BY ALL DEFENDANTS TO VIOLATE PLAINTIFFS'
CIVIL RIGHTS COGNIZABLE UNDER 42 U.S.C. §1983 AND ACRA

26. Plaintiffs incorporate by reference each allegation and averment contained in paragraphs one (1) through twenty-five (25), as though fully set forth herein.

27. Each of the Defendants, acting in their individual capacities and under color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated the Plaintiffs' civil rights, to wit:

(A) The Defendants, each of them, agreed and acted to intentionally falsely arrest, detain, and strip search the Plaintiffs as described above.

7

(B)  The Defendants, each of them, agreed and acted to intentionally fabricate and contrive the charges lodged against Barnett as described above.

(C)  The Defendants, each of them, agreed and acted to intentionally submit a false police report and statements to support and corroborate the fabricated charges lodged against Barnett and to justify the false arrest, detention and strip search of both Ball and Barnett.

28.  As a direct and proximate result of the conspiracy between the Defendants, the Plaintiffs have been deprived of their right to be free from unreasonable and unlawful seizure, detention, free from strip search, to due process rights, to be free from arbitrary and unreasonable action which are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §1983, and Art. 2, §8 and §15 to the Arkansas Constitution and protected by ACRA.

29.  As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiffs have suffered damages in the form of pain and suffering and emotional distress, and damages to their reputations in the community in the past and in the future.  Moreover, Barnett has incurred out-of-pocket expenses in the form of posting bond and retaining an attorney to defend her in the criminal trial for the charges on which she was arrested.  The Plaintiffs, when successful, are entitled to recover all their costs and a reasonable attorney's fee.

30.  The acts and conduct of the Defendants, and each of them, were intentional and malicious and therefore, Plaintiffs are entitled to an award of punitive damages.

COUNT II.

CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983 AND ACRA

31. Plaintiffs incorporate by reference each allegation and averment contained in paragraphs one (1) through thirty (30), as though fully set forth herein.

32. The acts and conduct of Defendants, and each of them, in stopping, detaining, strip searching each of the Plaintiffs and causing the unlawful arrest of Barnett, were an intentional violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution , 42 U.S.C. §1983, Arkansas Constitution, Art. 2, §8 and §15, and ACRA to be free from unlawful searches and seizures, and violated the Plaintiffs' right to due process of law, in that Plaintiffs were unlawfully seized and held pursuant to false information, which did not constitute probable cause for Plaintiffs' stop, detention, strip search or Barnett's arrest, and which the Defendants knew said information was false, incomplete, misleading and unreliable.  The stop, detention, strip search of both Plaintiffs, and the unlawful arrest of Barnett were in furtherance of the conspiracy between the Defendants against Plaintiffs.

33. As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiffs have suffered damages in the form of pain and suffering and emotional distress, and damages to their reputations in the community in the past and in the future.  Moreover, Barnett has incurred out-of-pocket expenses in the form of posting bond and retaining an attorney to defend her in the criminal trial for the charges on which she was arrested. The Plaintiffs, when successful, are entitled to recover all their costs and a reasonable attorney's fee.

34. The acts and conduct of the Defendants, and each of them, were intentional and malicious and therefore, Plaintiffs are entitled to an award of punitive damages.

9

## COUNT III.

## FALSE IMPRISONMENT

35. Plaintiff incorporates by reference each allegation and averment contained in paragraphs one (1) through thirty-four (34), as though fully set forth herein.

36. The above-stated facts constitute the tort of false imprisonment under Arkansas law in that Defendants, each of them, stopped, detained and strip searched both Plaintiffs, and arrested Barnett without probable cause on information they either knew to be false, incomplete and unreliable, or that they should have reasonably known to be false, unreliable and incomplete. The Defendants, each of them, unlawfully restrained Plaintiffs and violated their personal liberty without sufficient legal authority. All of these acts were done at the direction, request and under the supervision of the Defendants in furtherance of their conspiracy against Plaintiffs.

37. As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiffs have suffered damages in the form of pain and suffering and emotional distress, and damages to their reputations in the community in the past and in the future. Moreover, Barnett has incurred out-of-pocket expenses in the form of posting bond and retaining an attorney to defend her in the criminal trial for the charges on which she was arrested. The Plaintiffs, when successful, are entitled to recover all their costs and a reasonable attorney's fee.

38. The acts and conduct of the Defendants, and each of them, were intentional and malicious and therefore, Plaintiffs are entitled to an award of punitive damages.

## COUNT IV.

## MALICIOUS PROSECUTION

39. Barnett incorporates by reference each allegation and averment contained in paragraphs

one (1) through thirty-eight (38), as though fully set forth herein.

40. The above-referenced acts constitute the State tort claim of malicious prosecution in that:

(a) A proceeding was instituted against Barnett by Defendants, each of them who were acting under color of their authority as law enforcement officers in the State of Arkansas, but at all times exceeding and acting outside of that authority;

(b) The proceedings instituted against Barnett were resolved successfully in her favor since she was found not guilty in each case by the Wynne, Cross County District Court Judge;;

(c) There was no probable cause for the arrest and detention of Barnett by Defendants, and the information utilized to arrest Barnett was known by the Defendants or reasonably should have been known by the Defendants to be false, incomplete and misleading;

(d) There was malice on the part of Defendants in that these actions were taken purposely for an improper purpose to embarrass and damage Barnett's reputation and cause her severe and permanent emotional distress. The actions of the Defendants entitle Barnett to an award of punitive damages; and

(e) As a direct and proximate result of the malicious prosecution and other acts and conduct of Defendants, and each of them, Barnett has suffered damages in the form of pain and suffering and emotional distress, damages to her reputation in the community in the past and in the future, and out-of-pocket expenses in the form of posting a bond and retaining an attorney to defend her in the criminal actions.

COUNT V.

ABUSE OF PROCESS

41. Barnett incorporates by reference each allegation and averment contained in paragraphs

11

one (1) through forty (40), as though fully set forth herein.

42. The above-referenced acts constitute the State tort claim of abuse of process in that:

(a) Conduct of Defendants, and each of them, instituted a legal procedure which was set in motion in either proper or improper form against Barnett;

(b) The legal procedure was perverted to accomplish an ulterior purpose for which it was not designed;

(c) The acts and conduct of Defendants, and each of them, were willful, intentional and malicious in the use of process not proper in the regular conduct of the proceeding and therefore Barnett is entitled to an award of punitive damages.

43. As a direct and proximate result of these acts and conduct of Defendants, and each of them, Barnett has suffered damages in the form of pain and suffering and emotional distress, damages to her reputation in the community in the past and in the future. Moreover, Barnett has incurred out-of-pocket expenses in the form of posting a bond and retaining an attorney to defend her in the criminal actions.

44. The acts and conduct of the Defendants, and each of them, were intentional and malicious and therefore, Barnett is entitled to an award of punitive damages.


COUNT VI.

SLANDER AND DEFAMATION

45. Plaintiffs incorporate by reference each allegation and averment contained in paragraphs one (1) through forty-four (44), as though fully set forth herein.

46. The above stated facts constitute the State tort claim of slander against the Defendants

12

in that:

(a) the Defendants intentionally and maliciously made statements that were materially false and misleading. The false and misleading statements that Plaintiffs had committed crimes which Plaintiffs did not commit. The Defendants knew or reasonably should have known that the statements were materially false and misleading or Defendants made said statements with reckless indifference to the truth or falsity of the statements. The false and misleading statements resulted in Plaintiffs' stop, detention and strip search and the arrest of Barnett.

(b) the statements made by Defendants tended to expose Plaintiffs to public contempt, hatred and/or ridicule and/or deprived Plaintiffs of the benefit of public confidence and social and professional association. The acts and conduct of Defendants were intentional and malicious and therefore, Plaintiffs are entitled to an award of punitive damages.

47. As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiffs have suffered damages in the form of pain and suffering and emotional distress, and damages to their reputations in the community in the past and in the future. Moreover, Barnett has incurred out-of-pocket expenses in the form of posting bond and retaining an attorney to defend her in the criminal trial for the charges on which she was arrested. The Plaintiffs, when successful, are entitled to recover all their costs and a reasonable attorney's fee.

48. The acts and conduct of the Defendants, and each of them, were intentional and malicious and therefore, Plaintiffs are entitled to an award of punitive damages.

## COUNT VII.

### TORT OF OUTRAGE

49. Plaintiff incorporates by reference each allegation and averment contained in paragraphs one (1) through forty-eight (48), as though fully set forth herein.

50. The above-described acts constitute the State tort claim of the tort of outrage in that:

(a) The acts and conduct of Defendants, and each of them, as previously described were intentionally done and specifically calculated to cause Plaintiffs harm and damages. The acts and conduct of Defendants, and each of them, were an outrageous abuse of power, outside the bounds of human decency and are not tolerated in a civilized society;

(b) As a direct and proximate result of the acts and conduct of Defendants, and each of them, Plaintiffs have suffered damages in the form of pain and suffering and emotional distress, and damages to their reputations in the community in the past and in the future. Moreover, Barnett has incurred out-of-pocket expenses in the form of posting bond and retaining an attorney to defend her in the criminal trial for the charges on which she was arrested. The Plaintiffs, when successful, are entitled to recover all their costs and a reasonable attorney's fee.

(c) The acts and conduct of the Defendants, and each of them, were intentional and malicious and therefore, Plaintiffs are entitled to an award of punitive damages.

51. When Plaintiffs prevail in this litigation, they are entitled to an award of attorney's fees and court costs pursuant to 42 U.S.C. §1983, et seq., and ACRA.

52. Plaintiffs request a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Kara Barnett and Jamie Ball, pray that they recover full and complete compensation against the Defendants Dean Davidson,

14

Shelby "Tripp" Clark, Jr., Cathy Riggins, Chris Foltz and Terry Sablotney, jointly and severally, for the wrongs complained of herein for the following:

(a) Compensatory damages in excess of $500,000, for each Plaintiff, the exact amount to be determined at the trial of this matter;

(b) Punitive damages in excess of $500,000, for each Plaintiff, the exact amount to be determined at the trial of this matter; and

(c) Their costs, a reasonable attorney's fee and any and all other relief they may be entitled.

Respectfully submitted,

LOUIS ETOCH LAW FIRM

By: _____
Louis A. Etoch (89030) (louis@etochlaw.com)
Attorney at Law
727 Cherry Street
Helena, AR  72342
(870) 338-3591, and

David  Biondolillo (dsbiondo@sbcglobal.net)
Attorney at Law
114 E. Merriman Ave.
P.O. Box 532
Wynne AR 72396

15

# TRAFFIC CITATION REPORT
## NO: 038520

### DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC.:
### (INVESTIGATING OFFICER MUST SIGN)

ON THE ABOVE TIME & DATE, I PTL.TRIPP CLARK, OF THE WYNNE POLICE DEPARTMENT, OBSERVED A GREEN VAN TRAVELING NORTH BOUND ON FALLS BLVD CROSS THE CENTERLINE SEVERAL TIMES, ONCE IN FRONT OF CITGO, SECONDLY INFRONT OF DEBBIE MEYER INSURANCE. I ACTIVATED MY EMERGENY LIGHT AND THE VEHICLE HESITATED, THEN PULLED OVER NEAR GLENS HAIR CENTER. I MADE CONTACT WITH THE DRIVER SHE APPEARED VERY NERVOUS, AND HER HEAD WAS JERKING, INVOLUNTARILY. I ALSO SMELLED AN ODOR OF INTOXICANTS COMING FROM THE VEHILCE. I THEN CALLED FOR ASSISSTANCE AND SGT. DAVIDSON ARRIVED ALONG WITH PTL. RIGGINS AND DEPUTIES FOLTZ AND SABLOTNEY. AS I SPOKE WITH THE DRIVER KARA BARNETT, SHE WAS JERKING INVOLUNTARY, AND ALSO HAD A SLIGHT SLUR. SHE APPEARED TO BE UNDER THE INFLUENCE OF SOMETHING. I THEN ASKED THE PASSENGER TO STEP OUT OF THE VEHICLE AND SPOKE WITH HIM. HE ADMITTED TO HAVE BEEN DRINKING AND ALSO HAD OUTSTANDING WARRENTS OUT OF LAWERENCE COUNTY. SGT. DAVIDSON ASKED THE OTHER PASSENGER TO STEP OUT OF THE VEHICLE UPON A PAT DOWN, DAVIDSON NOTICED A CHECKBOOK IN THE POCKET OF THE PASSENGER, WHICH HE SAID HE FOUND IT WHILE CLEANING AN ABANDONED HOUSE AND HE WAS JUST RETURNING IT TO THE OWNER. NEXT DEPUTY FOLTZ INTERVIED THE DRIVER, GIVING HER A FIELD SOBREITY TEST, WHICH THE DRIVER DID INDEED FAIL. SHE ADVISED US THAT SHE HAS NOT DONE ANYTIME OF DRUGS IN 3-5 YEARS AND SHE WOULD VOLUNTARY TAKE ANY TEST. SHE WAS THE ESCORTED TO THE JAIL BY THE UNITS AND READ HER DWI RIGHTS BY SGT. DAVIDSON AND SHE REFUSED TO BE TESTED. SEE OTHER STATEMENTS.

### TRIPP CLARK 116
### (OFFICER'S SIGNATURE)

*Exhibit "B"*

# RECORD OF ARREST

## CITY OF BLYTHE

| Field | Value |
|---|---|
| LAST NAME | BARNETT |
| FIRST | KARA |
| MIDDLE | |
| ALIAS | |
| DATE | 03-05-07 |
| TIME | 3:06 AM |
| SOC SEC NO. | 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 |
| STATE | 08-23-79 |
| SEX | F |
| RACE | W |
| ADDRESS | 1716 E. LEVESQUE LYNNE, AR. 72376 |

DRIVING LEFT OF CENTER - 5-65-403 27-51-301
REFUSAL TO SUBMIT TO TEST 5-65-205
DRIVING WHILE INTOXICATED/DWI#2 5-65-103

206 S. FALLS BLVD

ARRESTING OFFICER: TRIPP CLARK 116

REFER TO RPS FOR DETAILS;
PENDING BOND; PROSECUTION

(870) 250-8718

*Exhibit "C"*

## ARKANSAS UNIFORM LAW ENFORCEMENT CITATION

CASE NO. _____ DOCKET NO. _____ PAGE NO. _____

STATE OF ARKANSAS

**WYNNE POLICE DEPT.**
**COUNTY OF CROSS**
**CITY OF WYNNE**

№ **038520**

*TR-07-536*
*DWS-07-538*

You may present this citation for payment to the court indicated below anytime before the date and time shown.

COURT APPEARANCE **12TH** DAY OF **MARCH 07** AT **9A** M.

ADDRESS OF COURT **205 MISSISSIPPI ST.**

COURT PHONE NO. **870-238-9171**   SEATBELT IN USE  ☐ YES  ☑ NO

I PROMISE TO APPEAR IN SAID COURT AT SAID TIME AND PLACE. I UNDERSTAND THE ABOVE AND THAT MY SIGNATURE IS NOT AN ADMISSION OF GUILT.

SIGNATURE

RANK AND SIGNATURE OF OFFICER   BADGE NO. **116**

ACCIDENT INVOLVED  ☐ YES  ☑ NO

| DAY OF WEEK | MONTH | DAY | YEAR | TIME |
|---|---|---|---|---|
| MONDAY | MARCH | 05 | 07 | 415 PM |

LAST NAME **BARNETT**

FIRST NAME **KARA**   MI **L**

ADDRESS **1416 EAST LEVESQUE**

CITY/STATE/ZIP CODE **Wynne AR 72396**

AGE ____ DOB **8-23-79** RACE **W** SEX **F**

DL NUMBER **922812351** DL STATE **AR** CDL DL ☐

EMPLOYED BY _____ WORK PHONE # _____

COMMERCIAL VEHICLE ☐ YES ☑ NO   HAZ. MAT ☐ YES ☑ NO   VEHICLE LICENSE NUMBER _____ STATE **AR**

### VEHICLE DESCRIPTION

| YEAR | MAKE | MODEL | BODY TYPE | COLOR |
|---|---|---|---|---|
| | DOD | CARA | VAN | GRN |

LOCATION **FALLS/Glens**

VEHICLE SEARCH  ☑ INC TO ARR  ☐ PC  ☐ CONSENT

| SPEEDING (OVER LIMIT) 27-51-201 | | 0-10 MPH | 11-14 MPH | 15-20 MPH | OVER 20 MPH |
|---|---|---|---|---|---|
| MPH IN | MPH ZONE | | | | |

| NO DRIVER'S LICENSE 27-16-601A | DUI 5-65-303 | DRIVER'S LICENSE SUSPENDED 27-16-303 | FOLLOWING TOO CLOSE 27-51-305 | CARELESS/PROHIB DRIVING 27-51-104 | DRIVE LEFT OF CENTER 27-51-301 | IMPROPER PASSING 27-51-307 |
|---|---|---|---|---|---|---|

| DRINKING IN PUBLIC 5-71-212 | D.L. SUSPENDED FOR DWI 5-65-105 | DWI 5-65-103 | NO SEAT BELT 27-37-702 | NO VEHICLE LICENSE 27-16-304 | NO CHILD SAFETY RESTRAINT 27-34-104 | NO PROOF OF INSURANCE 27-22-104 |
|---|---|---|---|---|---|---|

OTHER (DEFINED) - INCLUDE STATUTE NUMBER

☑ **Refusal To Submit (5-65-205)**

NUMBER OF OFFENSES:  TRAFFIC **1**   CRIMINAL ___

| CONDITIONS: | ☐ RAIN | ☐ FOG | ☐ SNOW | ☐ ICE | ☐ DAYLIGHT | ☐ DUSK | ☐ DARK |
|---|---|---|---|---|---|---|---|
| OTHER TRAFFIC PRESENT: | ☐ CROSS | ☐ ON-COMING | ☐ SAME DIRECTION | ☐ PEDESTRIAN | | | |
| AREA: | ☐ BUSINESS | ☐ INDUSTRIAL | ☐ SCHOOL | ☐ RESIDENTIAL | ☐ RURAL | | |
| HIGHWAY TYPE: | ☐ 2 LANE | ☐ 3 LANE | ☐ 4 LANE | ☐ 4 LANE DIVIDED | ☐ OTHER | | |
| TYPE OF ACCIDENT: | ☐ PROPERTY DAMAGE | ☐ PERSONAL INJURY | | ☐ FATAL | | | |

**COURT COPY/DISPOSITION**

**Name:** Barnett, Kara L
**Addr:** 1416 E Levesque, Wynne, Arkansas 72396

**DOB:** 08/23/79    **Race:** White    **SSN:** 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    **Home:** (000) 000-0000
**Age:** 27    **Sex:** Female    **DL #:** AR / 922812351    **Work:**

**T/P Contract #:**    **Start Date:**    **Freq:**    **Last Pay Date:**    **Pay By Date:**    **Balance:**    **Status:**

**Chrg Doc#:** 038520    **Viol Date:** 03/05/07    **BAC:** 0.00    **Speed:** 0 / 0    **Seatbelt:** No    **Accident:** No    **Type:** Criminal Citat    **Filing Date:** 03/05/07
**Location:**    **Comments:**

**Charge:** (1st) Driving Left Of Center    **Officer:** Clark, Tripp Jr    **Attorney:** Biondolillo, Dave

**Plea:** | Find: |    **Disp:**    **Fine:** $ 45.00    **Cost:** $ 75.00    **Fees:** $ 5.00    **Rest:** $ 0.00    **Adj:** $ 0.00    **Paid:** $ 0.00    **Bal:** $ 125.00

**Plea:**    **Finding:**    **Disposition:**    **F T A:**    **Rescheduled:**    **Activity:**
**BF:**    **DL Susp:**    **T/P Eligible:**    **MOS:**
**Judge:**    **MOD:**

**Comments:**

********************************************************

**Name:** Barnett, Kara L
**Addr:** 1416 E Levesque, Wynne, Arkansas 72396

**DOB:** 08/23/79    **Race:** White    **SSN:** 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    **Home:** (000) 000-0000
**Age:** 27    **Sex:** Female    **DL #:** AR / 922812351    **Work:**

**T/P Contract #:**    **Start Date:**    **Freq:**    **Last Pay Date:**    **Pay By Date:**    **Balance:**    **Status:**

**Chrg Doc#:** 038520    **Viol Date:** 03/05/07    **BAC:** 0.00    **Speed:** 0 / 0    **Seatbelt:** No    **Accident:** No    **Type:** Criminal Citat    **Filing Date:** 03/05/07
**Location:**    **Comments:**

**Charge:** [565103] (1st) D.W.Under Influence Of Drugs    **Officer:** Clark, Tripp Jr    **Attorney:** Biondolillo, Dave

**Plea:** | Find: |    **Disp:**    **Fine:** $ 500.00    **Cost:** $ 300.00    **Fees:**    **Rest:** $ 0.00    **Adj:** $ 0.00    **Paid:** $ 0.00    **Bal:** $ 805.00

**Plea:**    **Finding:**    **Disposition:**    **F T A:**    **Rescheduled:**    **Activity:**
**BF:**    **DL Susp:**    **T/P Eligible:**    **MOS:**
**Comments:**    **Judge:**    **MOD:**

********************************************************

**Name:** Barnett, Kara L
**Addr:** 1416 E Levesque, Wynne, Arkansas 72396

**DOB:** 08/23/79    **Race:** White    **SSN:** 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    **Home:** (000) 000-0000
**Age:** 27    **Sex:** Female    **DL #:** AR / 922812351    **Work:**

**T/P Contract #:**    **Start Date:**    **Freq:**    **Last Pay Date:**    **Pay By Date:**    **Balance:**    **Status:**

**Chrg Doc#:** 038520    **Viol Date:** 03/05/07    **BAC:** 0.00    **Speed:** 0 / 0    **Seatbelt:** No    **Accident:** No    **Type:** Criminal Citat    **Filing Date:** 03/05/07
**Location:**    **Comments:**

**Charge:** (1st) Refusing Breath Test    **Officer:** Clark, Tripp Jr    **Attorney:** Biondolillo, Dave

**Plea:** | Find: |    **Disp:**    **Fine:** $ 0.00    **Cost:** $ 100.00    **Fees:** $ 5.00    **Rest:** $ 0.00    **Adj:** $ 0.00    **Paid:** $ 0.00    **Bal:** $ 105.00

**Plea:**    **Finding:**    **Disposition:**    **F T A:**    **Rescheduled:**    **Activity:**
**BF:**    **DL Susp:**    **T/P Eligible:**    **MOS:**
**Comments:**    **Judge:**    **MOD:**

Case #: TR-07-536    **Jur:** 01    **Min Amt:**

Case #: DWI-07-38    **Jur:** 01    **Min Amt:**

Case #: CR-07-915    **Jur:** 01    **Min Amt:**

**Cross County District Court**
Wynne, Arkansas 72396

I, _____, Clerk of the Cross County District Court do hereby certify that the attached transcript is a true and correct copy of the same that appears on record in my office and that the judgment of same appears on record on docket no. _Jut 07-38_ of the District Court records and together with the entire file of same.

Witness my hand and seal of this court this the _28_ day of _August_ ,2007.

Cross County District Court
Clerk
Deputy Clerk / /

---

**Cross County District Court**
Wynne, Arkansas 72396

I, _____, Clerk of the Cross County District Court do hereby certify that the attached transcript is a true and correct copy of the same that appears on record in my office and that the judgment of same appears on record on docket no. _CR 07 915_ of the District Court records and together with the entire file of same.

Witness my hand and seal of this court this the _28_ day of _August_ ,2007.

Cross County District Court
Clerk
Deputy Clerk / /

Cross County District Court
Wynne, Arkansas 72396

I, _Mona Mar_ ,Clerk of the Cross County District Court do hereby certify that the attached transcript is a true and correct copy of the same that appears on record in my office and that the judgment of same appears on record on docket no. _TR07-536_ of the District Court records and together with the entire file of same.

Witness my hand and seal of this court this the _29_ day of _August_ ,2007.

Cross County District Court
Clerk
Deputy Clerk / /

SEAL
CROSS COUNTY DISTRICT COURT
WYNNE, ARKANSAS